| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: CONTRACT |

Maplebrook Estates Homeowner's Association, Inc.,

     Plaintiff,

v.

Hartford Fire Insurance Company,

     Defendant.

Court File No.: _____

**SUMMONS**

THIS SUMMONS IS DIRECTED TO: HARTFORD FIRE INSURANCE COMPANY, C/O CT CORPORATION SYSTEM, INC., 1010 DALE STREET N. ST. PAUL, MINNESOTA 55117-5603

  1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

  2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Smith Jadin Johnson, PLLC, 7900 Xerxes Avenue South, Suite 2020, Bloomington, MN 55431.

  3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

  4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

1

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**SMITH JADIN JOHNSON, PLLC**

Dated: June 9, 2021

By: /s/ John C. Wittmer
Alexander M. Jadin (#0387219)
John C. Wittmer (#0398587)
7900 Xerxes Avenue S, Suite 2020
Bloomington, MN 55431
Telephone: (952) 388-0289
Facsimile: (612) 235-7927
ajadin@sjjlawfirm.com
jwittmer@sjjlawfirm.com

*Attorneys for Plaintiff*

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Case Type: CONTRACT

---

Maplebrook Estates Homeowner's Association, Inc.,

    Plaintiff,

v.

Hartford Fire Insurance Company,

    Defendant.

Court File No.: _____

**COMPLAINT**

---

Plaintiff Maplebrook Estates Homeowner's Association, Inc., as and for its Complaint against Defendant Hartford Fire Insurance Company, states and alleges as follows:

## PARTIES

1. Plaintiff Maplebrook Estates Homeowner's Association, Inc. (hereinafter "Plaintiff" or "Maplebrook") is a non-profit common interest community of the State of Minnesota with its principal place of business located at 5707 Excelsior Blvd, St Louis Park, Minnesota. Plaintiff is responsible for the units and property located generally at multiple locations in Brooklyn Park, Minnesota (the "Properties").

2. Upon information and belief, Defendant Hartford Fire Insurance Company (hereinafter "Defendant" or "Hartford") is a foreign insurance company licensed and authorized to sell insurance and transact business in the State of Minnesota whose principal business address is 1 Hartford Plaza, Hartford, Connecticut.

3. Because the Properties are located in Hennepin County, Minnesota, the above-named Court has jurisdiction over this matter.

## **FACTS**

4. At all times relevant to this Complaint, the Properties were insured under an insurance policy issued by Defendant, Policy No. XX-XXX-XX3181 ("the Policy"), with effective dates of September 1, 2018 to September 1, 2019. The Policy insured the Properties against, among other things, damages caused by wind and hail.

5. On or about August 5, 2019, the Properties sustained wind and hail damage ("the Loss").

6. After the Loss occurred, Plaintiff notified Defendant and reported the Loss, provided Defendant with access to the Properties to investigate and adjust the loss, fulfilled all of its other duties and obligations under the policy, and relied upon Defendant to honor its contractual obligations to properly adjust and pay for the Loss.

7. Defendant assigned Claim Number XXXXXXXX9436 to Plaintiff's claim for the Loss.

8. Minn. Stat. § 65A.26 provides:

> Every policy of insurance against damage by hail issued by any company, however organized, must provide as follows: "In case of loss under this policy, and failure of the parties to agree as to the amount of the loss, it is mutually agreed that, on written demand of either party, the company and the insured each shall select a competent appraiser and notify the other of the appraiser selected within ten days of the demand ...
>
> The appraisers and the umpire shall then appraise the loss. A written award of any two of these persons determines the amount of loss. The written award of a majority of these referees is final and conclusive upon the parties as to amount of loss, and this selection, unless waived by the parties, is a condition precedent to any right of action to recover for a loss ..."

Minn. Stat. § 65A.26.

9. Pursuant to the Minnesota statute, the Policy provides:

> If we and you disagree on the amount of the loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding...

Policy at Section (A)(3).

10. The parties were unable to reach an agreement with respect to the amount of loss, and Plaintiff demanded an appraisal of the Loss pursuant to the terms and conditions set forth in the Policy, Minn. Stat. § 65A.26, and Minn. Stat. § 65A.01, subd. 3.

11. On or about March 19, 2021, the appraisal panel convened and received testimony and evidence from both parties.

12. Plaintiff, through its Public Adjuster, presented the panel with evidence that the proposed siding replacement did not match and that the entire siding at the Properties would require replacement.

13. Defendant failed to appear at the appraisal.

14. Plaintiff, through its Public Adjuster, disclosed and identified to the panel the argument from the Defendant that harvesting the used siding from some of the buildings was an appropriate repair methodology.

15. The Panel did not agree with the Defendant's harvesting proposal and issued its Award to include costs for the full replacement of the siding at the Properties.

16. On or about April 20, 2021, the appraisal panel issued a written appraisal award (the "Award") signed by all members of the appraisal panel.

17. The Award provides the following valuations for the amount of loss:

| Category | 2019 ACV | 2019 RCV |
|---|---|---|
| General Conditions | | $173,538.40 |
| Roofing | | $3,788,283.65 |
| Gutters | | $151,919.39 |
| Soft Metals | | $637,594.19 |
| Windows | | $267,197.49 |
| Garage Doors | | $55,436.42 |
| Chimney Caps | | $286,000.00 |
| Deck Painting | $83,658.00 | $167,300.00 |
| HVAC | $358,437.34 | $716,874.68 |
| Permit | | $59,047.47 |

The Award further provides a 2019 replacement cost value ("RCV") for Siding of $859,922.12, for Electrical of $35,000.00, for Siding Match of $1,587,654.28, and for Electrical repairs necessary for matching of $158,774.00.

18. The Award includes the conclusion by the appraisal panel that there was not a reasonable matching replacement siding of like kind and quality available to match the siding damaged in the loss.

19. The appraisal panel issued Advisory Statements providing the Brooklyn Park Minnesota construction trade pricing increase from 2019 to 2020 for multiple trades.

4

20. Repairs to the siding were completed at the Properties in 2020, and Plaintiff has already incurred the costs of the full siding and electrical matching portions of the Award.

21. Based upon the Award, the 2020 pricing is the appropriate pricing for the repairs as that was when the repairs were actually incurred.

22. There is a remaining $629,000.00 of recoverable depreciation that Plaintiff is entitled related to the HVAC, deck painting, and garage door repairs that cannot be completed until the matching issues are resolved.

23. On or about May 26, 2021, in response to Plaintiff's demand for payment pursuant to the Award, Defendant asserted that it does not owe for costs associated with matching siding and electrical portions of the Award.

24. Defendant's denial of Plaintiff's claim for the amount of the Award is made without a reasonable basis and is based on arguments that were rejected by the appraisal panel.

25. Defendant is aware of, or is acting with disregard of, the fact that it does not have a reasonable basis for denying payment of the full value of the Award.

26. The total RCV of the Award, with overhead and profit and adjustments for the construction trade pricing increase, is $11,038,810.89.

27. After deduction of the Policy deductible of $890,000.00, the total RCV due to Plaintiff pursuant to the Policy and the Award is $10,148,810.89.

28. To date, Defendant has paid only $6,243,025.32 of the total amount due under the Award.

29. Upon issuance of the Award, Plaintiff became entitled to preaward interest under Minn. Stat. § 549.09.

30. To date, Defendant has not paid any preaward interest.

## COUNT I
## Breach of Contract

31. Plaintiff restates and realleges each of the foregoing paragraphs as though fully set forth herein and further state and allege as follows.

32. The Policy is a contract between Plaintiff and Defendant.

33. The Policy provides that an appraisal award is binding as it pertains to the amount of loss.

34. Plaintiff has performed all conditions precedent necessary to obligate Defendant to perform under the Policy, including paying premiums and cooperating with Defendant's investigation and adjustment of the loss.

35. Defendant has breached the Policy by failing to fully and fairly adjust and pay the Loss, and without a reasonable basis, failing to pay the full Award.

36. As a direct result of Defendant's breach of contract, Plaintiff has been damaged in an amount in excess of $50,000, the specific amount to be determined at trial.

## COUNT II
## Declaratory Judgment

37. Plaintiff restates and realleges each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

38. This matter is brought pursuant to the Uniform Declaratory Judgment Act, Minn. Stat. § 555.01, *et seq*.

39. Defendant has failed to adjust and fully pay the Loss in total, in contravention of the express language of the subject Policy.

40. There is a real justiciable controversy between Plaintiff and Defendant over the extent to which the subject Policy provides indemnity and coverage for damages relating to the Loss.

41. The provisions of the subject Policy must be construed against Defendant.

42. Plaintiff is entitled to judicial declaration of its right to recover the full value of the Award as provided for by the Policy, Minn. Stat. §§ 65A.01 and 65A.26, and Minnesota jurisprudence including amounts for matching and replacement cost value.

43. There is a real and justiciable controversy between Plaintiff and Defendant regarding the amount of preaward interest owed to the Plaintiff.

44. Plaintiff is entitled judicial determination of its rights to recover preaward interest under Minn. Stat. § 549.09 and its application to the Award.

45. Plaintiff is entitled to preaward interest on the Award pursuant to Minn. Stat. § 549.09 in the amount in excess of $50,000, plus costs, disbursements, and any other relief this court deems just and equitable.

WHEREFORE, Plaintiff prays for judgment of the Court against Defendant for the following relief:

1. Judgment in favor of the Plaintiff

2. and against Defendant for an amount in excess of $50,000, the exact amount to be proven at trial;

3. Declaratory judgment entitling Plaintiff to the full amount identified in the appraisal award.

4. Declaratory judgment entitling Plaintiff to preaward interest in accordance with Minn. Stat. § 549.09;

5. An award of attorney's fees, costs and disbursements; and

6. For such other and further relief as this Court deems just and equitable.

**SMITH JADIN JOHNSON, PLLC**

Dated: June 9, 2021

By: /s/ John C. Wittmer
Alexander M. Jadin (#0387219)
John C. Wittmer (#0398587)
7900 Xerxes Avenue S, Suite 2020
Bloomington, MN 55431
Telephone: (952) 388-0289
Facsimile: (612) 235-7927
ajadin@sjjlawfirm.com
jwittmer@sjjlawfirm.com

*Attorneys for Plaintiff*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, reasonable attorneys' fees and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

**SMITH JADIN JOHNSON, PLLC**

Dated: June 9, 2021

By: /s/ John C. Wittmer
Alexander M. Jadin (#0387219)
John C. Wittmer (#0398587)
7900 Xerxes Avenue S, Suite 2020
Bloomington, MN 55431
Telephone: (952) 388-0289
Facsimile: (612) 235-7927
ajadin@sjjlawfirm.com
jwittmer@sjjlawfirm.com

*Attorneys for Plaintiff*